REVIEW OF REVIEWS CO. v. HITCHCOCK et al.

(Circuit Court, S. D. New York. October 21, 1911.)

Post Office (§ 22*)—Second-Class Matter—Transportation—Discrimination.

> Enforcement of a post office regulation, requiring periodicals issued monthly, semimonthly, or at longer intervals to be transported from New York City to Buffalo and Pittsburgh by fast mail trains, and from those points by fast freight trains through a territory called the "Third Contract Section" to distributing points therein, if destined for points west of Chicago and Cincinnati, and again by fast mail trains if for points further west, is not illegal, as constituting an unjust discrimination in favor of periodicals published at shorter intervals, since it appears that the average haul of monthly and semimonthly periodicals is twice as long as that of weeklies, that all second-class mail matter is transported at a loss of seven cents to the pound, and that enforcement of the order will cause great saving; the remedy for any unfair action of the postal authorities in relaxing the order as to certain periodicals being subject to correction as a matter of administration.

> [Ed. Note.—For other cases, see Post Office, Dec. Dig. § 22.*]

In Equity. Action by the Review of Reviews Company against Frank H. Hitchcock and another. On motion for injunction pendente lite. Motion denied.

Spooner & Cotton, for complainant.
Henry A. Wise, for defendants.

WARD, Circuit Judge. This is a motion for an injunction pendente lite against the defendants, who are respectively the United States Postmaster General and the United States postmaster at New York City, prohibiting them from carrying into effect an order of the department dated August 25, 1911. The defendants waive all questions of jurisdiction, so that the motion may be disposed of.

The order prescribes that all periodicals issued monthly, semimonthly, or at longer intervals shall be labeled with blue tags and termed "Blue Tag Matter," and that the same shall go by fast mail trains to Buffalo and Pittsburgh, and from those points by fast freight trains through a territory called the "Third Contract Section" to distributing points therein, if destined for points west of Chicago and Cincinnati, and again by fast mail trains, if for points farther west.

The average cost to the government for the transportation of second-class mail matter is eight cents a pound, for which it charges only one cent a pound. The cost for transportation to far west points is much more than eight cents a pound. The reason for the discrimination which the order makes in the transmission of different kinds

---

of second-class matter is that the government finds that it costs more to transport monthly and semimonthly periodicals than it does to transport weekly and daily periodicals. The average haul of the former is 1,048 miles, of the weekly 507 miles, and of the daily 271 miles. Curtailment of expense somewhere in the service is necessary, because of the very large annual deficiency. The order is intended to proportion the cost of the service to the government more nearly to the charge it makes. The Postmaster General estimates that by this division of second-class mail matter the government will save this year $1,400,000, and within the next three years $3,000,000 a year. The order affects an immense number of periodicals—according to the defendants, some 1,700—published at intervals of more than a week. The complainant publishes such a monthly periodical, called the "American Review of Reviews," and its grievance is that the order gives a preference to weekly periodicals competing with it, in that they arrive at destination sooner than its periodical does. It is said that the Review of Reviews will arrive at distant points in the West, not on the 1st day of the month, as intended, but five or six days later, and so its discussion of contemporary events will be proportionately stale and it will lose subscribers.

I assume for the purposes of this motion that the complainant will suffer irreparable injury, which leaves as the only question: Is the order illegal?

It is true that certain monthly trade periodicals have been exempted from the operation of the order, as to which the defendants say that they contain current market information which the public needs as speedily as possible. It is said, further, that a few monthly magazines which do not need the same speed as the Review of Reviews are also exempted. It is not apparent why these exemptions are made; but they do not injure the complainant in any way, as the periodicals are not competitors, and I have no doubt that upon application to the department they will be withdrawn.

The Postmaster General cannot exclude from the mail as second-class what is in fact second-class matter. Payne v. Railway Publishing Co., 20 App. D. C. 581. Nor can he refuse to deliver mail matter to the addressee, unless expressly authorized by Congress to do so. School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90. And, of course, he cannot charge more than the legal rate of one cent per pound for carrying second-class mail. The order under consideration does neither of these things. The complainant's mail matter is carried as second-class and at second-class rates. The order requiring it to be transported in the "Third Contract Section" by fast freight, instead of fast mail, seems to me reasonable. If the Postmaster General unfairly or from an improper motive were to relax the order as to certain periodicals, which is the intimation, no court could be expected to correct this unfairness by striking a reasonable order down, and likewise it would be no ground for securing to the complainant an improper exemption that some one else had been given it. Such a preference would be a pure matter of administration, to be corrected by the President, or, if necessary,

by impeachment. Article 2, § 4, U. S. Constitution. It would not be a denial of the equal protection of the laws to the complainant, in violation of the fifth amendment to the Constitution.

The motion is denied.